IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-44-D
No. 7:19-CV-189-D

| | | |
|---|---|---|
| TACARLOS ANTIGO MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 26, 2019, Tacarlos Antigo Miller ("Miller" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 132-month sentence [D.E. 149] and moved to file excess pages [D.E. 150]. On November 13, 2019, the government moved to dismiss Miller's section 2255 motion [D.E. 156] and filed a memorandum in support [D.E. 157]. On December 5, 2019, Miller responded in opposition [D.E. 159]. As explained below, the court grants Miller's motion to file excess pages, grants the government's motion to dismiss, and dismisses Miller's section 2255 motion.

I.

On June 28, 2016, a jury convicted Miller of conspiracy to distribute and possession with intent to distribute a quantity of heroin (count one) and distribution of a quantity of heroin (counts two and three). See [D.E. 72]; Trial Tr. [D.E. 142] 102–04. On October 11, 2017, the court held Miller's sentencing hearing. The court adopted the facts set forth in the Presentence Investigation Report ("PSR"), found that the drug weight was 121.54 grams of heroin and 33.3 grams of marijuana, and calculated Miller's advisory guideline range to be 78 to 97 month's imprisonment

based on a total offense level 26 and criminal history category III. See Sentencing Tr. [D.E. 138] 6–49; PSR [D.E. 90] ¶¶ 6–9. The court then upwardly departed under U.S.S.G. § 4A1.3 to an advisory guideline range of 110 to 137 months' imprisonment based on a total offense level 26 and criminal history category V. See id. at 50–64. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Miller to 132 months' imprisonment on each count to run concurrently. See id. at 68–74.

Miller appealed [D.E. 129]. On October 15, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Miller, 751 F. App'x 354, 356–59 (4th Cir. 2018) (per curiam) (unpublished). In affirming this court's judgment, the Fourth Circuit rejected Miller's arguments concerning: (1) the district court's denial of his motion for a bill of particulars; (2) the district court's refusal to give a jury instruction requiring a unanimous finding as to the identities of Miller's coconspirators; (3) the district court's refusal to give a multiple conspiracy jury instruction; (4) the district court's refusal to require the jury to make a drug quantity finding for the conspiracy charge; (5) the district court's refusal to grant Miller's motions for judgment of acquittal and for a new trial; (6) ineffective assistance of counsel; (7) the district court's drug weight calculation at sentencing; and (8) the district court's firearm enhancement at sentencing. See id.

In Miller's section 2255 motion, Miller contends: (1) trial counsel was constitutionally ineffective in plea negotiations; (2) trial counsel was constitutionally ineffective by waiving arraignment on the superseding indictment; (3) trial counsel's fee arrangement created a conflict of interest; (4) trial counsel was constitutionally ineffective by failing to investigate impeachment evidence; (5) prosecutorial misconduct by failing to address allegedly inconsistent witness testimony; (6) trial counsel was constitutionally ineffective by failing to request a multiple conspiracy jury

2

instruction; (7) sentencing counsel was constitutionally ineffective by failing to adequately research an objection under U.S.S.G. § 2D1.(b)(1); and (8) trial counsel was constitutionally ineffective by failing to object to prosecutorial misconduct. See [D.E. 149]; [D.E. 151].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Miller procedurally defaulted his claim concerning prosecutorial misconduct by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Miller from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley

3

v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Miller has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Accordingly, the claim fails.

As for Miller's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Miller must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

4

effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Defense counsel's investigation and advice during plea negotiations were reasonable and fall within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). Professional norms required trial counsel to (1) notify Miller of any plea offer; (2) advise Miller of the option to plead guilty or to go to trial; (3) present Miller with probable outcomes of each alternative; and (4) permit Miller to make the ultimate decision whether to plead guilty of not guilty. See, e.g., Jones v. Murray, 947 F.2d 1106, 1110–11 (4th Cir. 1991); cf. Florida v. Nixon, 543 U.S. 175, 187 (2004) (explaining that the defendant has the ultimate authority to decide whether to plead guilty).

Miller admits that trial counsel provided Miller the required information, that Miller vehemently disputed his guilt and the drug weight of the government, and that Miller decided to plead not guilty and go to trial. See [D.E. 151] 1–5. Moreover, Miller insisted to counsel that he was not guilty and has failed to plausibly allege deficient performance prejudice concerning plea negotiations. See, e.g., Merzbacher v. Shearin, 706 F.3d 356, 367 (4th Cir. 2013); Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003). Furthermore, before Miller pleaded not guilty to the charges in the superseding indictment, this court advised Miller of the charges, the potential statutory maximums, and his trial rights. See [D.E. 66]. Thus, any inaccurate prediction of a possible

5

advisory guideline range was not prejudicial. See, e.g., United States v. Lambey, 974 F.2d 1389, 1395–96 (4th Cir. 1992) (en banc); Johnson v. United States, 2013 WL 5570951, at *3–4 (E.D.N.C. Oct. 9, 2013) (unpublished).

As for trial counsel's alleged waiver of the arraignment on the superseding indictment, the court arraigned Miller on the superseding indictment. See [D.E. 66]. Thus, the claim fails as to performance and prejudice. See Strickland, 466 U.S. at 689–700.

As for trial counsel's alleged failure to object to prosecutorial misconduct involving the testimony of Antoine Wright, Miller has failed to plausibly allege any prosecutorial misconduct. Thus, the claim fails as to performance and prejudice. See id.; Hansford v. Angelone, 244 F. Supp. 2d 606, 613–14 (E.D.Va. 2002); cf. Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009) (counsel need not make all non-frivolous arguments and objections in order to provide effective assistance).

As for trial counsel's alleged ineffectiveness due to a flat fee arrangement or the temporary suspension of counsel's license, Miller's allegations are conclusory. Moreover, this court observed counsel's performance at trial, and counsel provided a vigorous and professional defense. As such, Miller has not plausibly alleged deficient performance or prejudice. See, e.g., Cuyler v. Sullivan, 446 U.S. 335, 345–50 (1980); United States v. Nicholson, 611 F.3d 191, 195 & n.2 (4th Cir. 2010); United States v. Mouzin, 785 F.2d 682, 696–99 (9th Cir. 1986).

As for trial counsel's alleged failure to investigate and impeach Titus Whitaker, trial counsel effectively cross examined Whitaker about his drug dealing, minimization, and inconsistent statements to the police, his plea agreement, and his hope that his testimony would result in leniency. See Trial Tr. [D.E. 86] 78–95, 96–97. Thus, the claim fails as to performance and prejudice. See Strickland, 466 U.S. at 689–700.

6

As for trial counsel's failure to ask for a multiple conspiracy instruction. Miller raised this claim on direct appeal concerning the court's refusal to give a multiple conspiracy instruction and lost. See Miller, 751 F. App'x at 356–59. Miller cannot recharacterize the same claim under 28 U.S.C. § 2255. See, e.g., Bousley, 523 U.S. at 622–23; Frady, 456 U.S. at 170; Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Alternatively, Miller has failed to plausibly allege deficient performance. See Miller, 751 F. App'x at 356–57; United States v. Bartko, 728 F.3d 327, 344 (4th Cir. 2013). Miller also has failed to plausibly allege prejudice. See, e.g., Strickland, 466 U.S. at 689–700; United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004).

As for sentencing counsel's objection to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1), Miller fails to plausibly allege deficient performance. Counsel objected to the firearm enhancement and focused on Whitaker's credibility. That was a sound strategy, even though the court properly overruled the objection. See Miller, 751 F. App'x at 358; United States v. Mondragon, 860 F.3d 227, 231 (4th Cir. 2017); United States v. Bolton, 858 F.3d 905, 912 (4th Cir. 2017). Alternatively, there was no prejudice because this court would have rejected Miller's new "nexus" objection to the firearm enhancement. Finally, and in any event, at sentencing, the court announced an alternative variant sentence. See Sentencing Tr. at 74; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, there was no prejudice from the advisory guideline calculation. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) (where record shows that the district court would have imposed the same sentence regardless of the advisory guideline range and such a sentence was substantively reasonable, then there is no prejudice); Sears v. Upton, 561 U.S. 945, 956

7

(2010) (to show prejudice concerning an alleged sentencing error, defendant must prove a reasonable probability that the sentence would have been different if the error had not occurred); United States v. Feldman, 793 F. App'x 170, 174 (4th Cir. 2019) (per curiam) (unpublished).

After reviewing the claims presented in Miller's motions, the court finds that reasonable jurists would not find the court's treatment of Miller's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## II.

In sum, the court GRANTS Miller's motions to file excess pages [D.E. 150], GRANTS the government's motion to dismiss [D.E. 156], DISMISSES Miller's section 2255 motion [D.E. 149], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 14 day of August 2020.

                                                  JAMES C. DEVER III
                                                  United States District Judge